UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                         Case No. 3:16-cr-348

           Plaintiff,

      v.                                                     MEMORANDUM OPINION
                                                                 AND ORDER

Maurice Smith,

           Defendant.

## I.      INTRODUCTION AND BACKGROUND

Defendant Maurice Smith, an inmate at Federal Correctional Complex – Allenwood in White Deer, Pennsylvania, seeks an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 58). The government opposes Smith's request. (Doc. No. 60).

In November 2016, Smith was indicted on three counts of possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The government subsequently obtained a superseding indictment, which added four counts charging him with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. (Doc. No. 15). Smith then pled guilty to all seven counts charged in the superseding indictment. After considering the argument of counsel and the factors set forth in 18 U.S.C. § 3553(a), I granted Smith a substantial downward variance from his Guidelines range of 235 to 293 months and sentenced him to a total of 86 months in prison and a supervised release term of 3 years. (Doc. No. 32). Smith did not appeal.

On May 29, 2020, Smith filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). He asserts he has several medical conditions which increase his risk of serious illness or death if he were to contract Covid-19 while in incarcerated in the Federal Bureau of Prisons ("BOP"). (Doc. No. 58 at 1). He proposes he will "voluntarily submit to home confinement and GPS monitoring as well as random drug testing." (*Id.* at 2); (*see also* Doc. No. 63 at 1). Smith alleges he has not received any disciplinary citations and that he has completed over 30 programs while incarcerated. (Doc. No. 58 at 1-2).

The government argues Smith has not demonstrated there are extraordinary and compelling reasons to justify the reduction of his sentence and that the BOP is able to provide adequate medical care for Smith's health conditions. (Doc. No. 60). Further, the government contends Smith fails to show a sentence reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

Smith filed two motions for extensions of time to file his reply brief, (Doc. No. 61 and Doc. No. 62), before filing his second supplement to his motion for compassionate release, (Doc. No. 63), and his reply brief. (Doc. No. 64). As Smith already has filed his reply brief and the government does not indicate it would be prejudiced by a second extension of time, I grant Smith's second motion to extend the reply-brief deadline. (Doc. No. 62).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

2

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, --- F. App'x ---, No. 20-1579, 2020 WL 5117947, at *1 (6th Cir. Aug. 27, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also "must find that the defendant 'is not a danger to the safety of any other person or to the community.'" *Id.* (quoting USSG § 1B1.13(2) (citing 18 U.S.C. § 3142(g)); *see also United States v. Spencer*, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("If these criteria are satisfied, the district court 'may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment).'" (quoting 18 U.S.C. § 3582(c)(1)(A)).

Smith submitted an administrative request for release to the warden at FCC-Allenwood, which he says was denied on June 8, 2020. (Doc. No. 59). The BOP denied Smith's request to be placed on home confinement because his convictions are categorized as crimes of violence and he currently is at the medium security level and a medium risk for recidivating. (*Id.* at 3). The BOP is giving priority to requests from inmates residing in low- and minimum-security institutions and who receive no higher than a minimum score on the BOP's recidivism assessment. (*Id.*).

Smith asserts his sentence should be reduced because he has a variety of health conditions which may increase his risk for serious complications if he contracts Covid-19, and so that he can help care for his mother and children, who also have a variety of serious health conditions. (Doc. No. 58 at 3-4). As the government notes, Smith only reported a few health conditions to the probation and pretrial services officer who completed Smith's presentence report and Smith has not

3

offered documentation to substantiate his claims.[1] (Doc. No. 60 at 2). Moreover, Smith currently has access to medical care for his health conditions and he fails to show that care is inadequate. *See United States v. Austin*, --- F. App'x ---, No. 20-1523, 2020 WL 5201632, at *2 (6th Cir. Sept. 1, 2020).

While Smith contends his request is an "extremely modest one," (Doc. No. 63 at 1), the BOP calculates his release date as December 24, 2022, meaning Smith has yet to serve more than 30% of the sentence I imposed for multiple weapons and drug trafficking convictions. Smith has not shown a further-reduced sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offenses of conviction, Smith's lengthy criminal history, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

I conclude Smith fails to establish extraordinary and compelling reasons to justify a reduced sentence or that a reduced sentence would fulfill the objectives of § 3553(a).

### III. CONCLUSION

For these reasons, I grant Smith's motion for an extension of time to file his reply brief, (Doc. No. 62), and deny his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 58).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] While Smith filed a medication list with his second supplement to his compassionate release motion, (Doc. No. 63-2), this list was handwritten and does not adequately support his claimed health conditions.