UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:16-cr-348

         Plaintiff,

v.                                             ORDER

Maurice Smith,

         Defendant.

Defendant Maurice Smith, an inmate at Federal Correctional Institution – Allenwood Medium in White Deer, Pennsylvania, has filed a fourth motion for an order reducing his sentence to time served and providing for his immediate release from custody. (Doc. No. 78-1). The government has not yet responded to Smith's motion.

I previously denied Smith's motion for compassionate release after concluding he failed to establish extraordinary and compelling reasons to justify a reduced sentence or that a reduced sentence would fulfill the objectives of 28 U.S.C. § 3553(a). (Doc. No. 66). I also denied his motion for reconsideration of my earlier opinion, (Doc. No. 73), and his third motion for compassionate release. (Doc. No. 77).

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) mandates that a defendant seeking modification of his sentence must first fully exhaust all administrative remedies or wait at least 30 days after submitting a request for release to the warden before filing a motion for modification. *Id.* The exhaustion requirement applies to each compassionate release motion a defendant files. *See, e.g., United States, v. Lee*, No. 18-20503, 2021 WL 5074428, at *2 (E.D. Mich. Nov. 2, 2021) ("[T]he fact that Lee's warden previously denied a similar request for compassionate release did not excuse him from complying with the exhaustion requirement once again before filing the instant motion for compassionate release.").

While Smith has submitted a copy of a letter he sent to his unit manager regarding compassionate release, (Doc. No. 78), he has not demonstrated that at least 30 days has passed since he sent the letter. Therefore, I am unable to conclude that he has complied with the exhaustion requirement. This requirement is mandatory and not subject to waiver by a court. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's untimely motion because defendant filed "before waiting out a statutorily required non-adversarial window"). In these circumstances, I must dismiss Smith's motion without prejudice. *Id.* Smith may refile his motion once he has complied with § 3582(c)(1)(A)'s exhaustion requirement.

For these reasons, I deny Smith's fourth motion for compassionate release without prejudice. (Doc. No. 78).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
